# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| STANLEY JOHNSON, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | No. 1:18-CV-20 CAS |
| JAYSON LEWIS, et al., | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiffs Stanley Johnson and Flennord Smith, inmates at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiffs do not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00 per plaintiff. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

The plaintiffs have submitted a joint motion to proceed in forma pauperis, although neither plaintiff has submitted a prison account statement. Typically, this Court will not accept a joint motion to proceed in forma pauperis. However, in this instance, it appears neither plaintiff has sufficient funds to pay the full filing fee. Thus, the Court will require each plaintiff to pay an initial partial filing fee of $1.00. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 679. This

is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 680. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 680-2.

### The Complaint

Plaintiffs, inmates at SECC, bring this action pursuant to 42 U.S.C. § 1983 alleging violations of their civil rights. They seek compensatory and punitive damages for what they believe to be a violation of federal and constitutional law. Plaintiffs have named the following individuals as defendants in this action: Jayson Lewis, Paula Reed, Dave Mincker, and Amy Precsice.

Plaintiffs state that the Missouri Department of Corrections has stopped selling tobacco products "prior to the federal law deadline of March 2018." Plaintiffs believe that enforcing the new policy before the deadline and "ignoring the federal law" is "causing havoc" and "punishing inmates."

The Court believes plaintiffs are referring to the Missouri Department of Corrections plans to implement a policy to go "smoke-free" no later than April 1, 2018. See https://doc.mo.gov/tobacco.php. The policy arose in part, to a stipulated agreement entered into on September 21, 2017, in a lawsuit between the Missouri Department of Corrections and an inmate, Washington v. Denney, 14-CV-06118-SJ-NKL (W.D.Mo.).

Although the Court has some empathy for plaintiffs regarding the difficulty with smoking cessation, it is well established that there is no federal constitutional liberty interest in having

state officers follow state law or having prison officials follow prison regulations. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)); see also Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Thus, plaintiffs have no federal cause of action against defendants for starting the new "smoke-free" policy early at SECC. As such, their complaint is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff Stanley Johnson shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff Flennord Smith shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

                                                                                    /s/ Charles A. Shaw
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this 1st day of May, 2018.